**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2380 & 24-2682
_____

ALLEN L. SHULTZ, III,
Appellant

v.

COUNTY OF FRANKLIN; DOMESTIC RELATIONS SECTION;
JAMES M. STEIN, Divorce Master

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00425)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2025

Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 20, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Allen L. Shultz III appeals the District Court's orders denying his motions to reopen his District Court proceedings. For the reasons that follow, we will affirm the District Court's orders.

Shultz's allegations and the procedural history of the District Court proceedings are well-known to the parties and need not be discussed at length. Briefly, Shultz, unhappy over the distribution of assets in his state court divorce proceedings in 2022, filed a complaint challenging Appellees' actions in those proceedings. He later amended the complaint. The District Court dismissed the amended complaint but gave Shultz leave to file a second amended complaint. Shultz filed a second amended complaint. A Magistrate Judge recommended that the complaint be dismissed for failure to state a claim. The District Court agreed and dismissed the complaint.

Shultz did not appeal the District Court's order. He later filed two motions to reopen his case which the District Court treated as motions to be relieved from the judgment pursuant to Fed. R. Civ. P. 60(b). It denied the motions, and Shultz filed a timely notice of appeal which was docketed at No. 24-2380. Shultz then filed a motion to expedite and an emergency motion for summary judgment. As an appeal was pending, the District Court concluded that it lacked jurisdiction over the motions and denied them without prejudice. Shultz filed a timely notice of appeal which was docketed at No. 24-2682. The two appeals have been consolidated.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's order denying Shultz's Rule 60(b) motions for an abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014).[1] Rule 60(b) allows a court to grant a party relief from a final judgment for, inter alia, mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, misconduct, or any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

On appeal, Shultz argues that the District Court did not consider the merits of his case. To the contrary, the Magistrate Judge in her Report and Recommendation described Shultz's allegations at length and thoroughly explained why she believed that they failed to state a claim for relief. The District Court adopted that Report and Recommendation.

Shultz also asserts that the District Court ignored his removal of cases from the state courts. As described below, however, Shultz did not clearly and properly remove the cases from the state courts. After the Magistrate Judge recommended dismissing his second amended complaint, Shultz filed an 80-page document titled "Removal from Title 4 Contract Conflicted State Courts Consolidation of State Removed Case #2015-363

---

[1] We note the narrow scope of the appeal. Shultz's notices of appeal were timely only as to the District Court's July 12, 2024 and September 9, 2024 orders. See Fed. R. App. P. 4(a)(1). They were not timely as to the March 20, 2024 order dismissing his second amended complaint. See Fed. R. App. P. 4(a)(4)(A)(vi) (stating that a Rule 60 motion suspends a judgment's finality only if it is filed within the time to file a Rule 59(e) motion; that is, within twenty-eight days of its entry).

PACSES#275115394 Pursuant to 28 1443 for Civil Rights, ADA, Violations, Federal Questions Et, Al, and Rule 4.03 (FRCP 42) Motions to Consolidate to 1:23-cv-00425-00425 SES." See ECF #26. In this lengthy filing, he made a few brief references to the state courts and quoted removal statutes. In its order adopting the Magistrate Judge's recommendation, the District Court did not explicitly mention this issue. With language that was less than clear, Shultz briefly mentioned the purported removal in his motions to reopen. See, e.g., ECF #37 at 3-4 (alleging that neither the Magistrate Judge nor District Court judge "EVEN READ THE SUPPLEMENTAL, 3/5/24, OR ANY OF THE three 28-1443 accepted removals" and that they dismissed the case "while leaving 3- now state trial court relinquished USC 28 1443 removals").

To remove a case to federal court, a defendant must file a notice of removal in the District Court along with a copy of all the pleadings served on the litigant in the state court. There are also time limits for filing a notice of removal.[2] See 28 U.S.C. § 1446. In his District Court filing, Shultz did not include the pleadings from the state court cases, and his lengthy filing resembled the briefs and motions that Shultz had already filed in the District Court. As Shultz's attempts to remove the state court cases were both unclear and procedurally defective, any inadvertence by the District Court in failing to explicitly address his request did not warrant relief from judgment pursuant to Rule 60(b).

---

[2] According to the Superior Court of Pennsylvania, the Court of Common Pleas for Franklin County entered an order granting the divorce and distributing the marital property in June 2022. See Shultz v. Shultz, 301 A.3d 917 (Pa. Super. Ct. 2023).

Moreover, given Shultz's brief, incoherent references to the removal request in his motions to reopen, it was not an abuse of discretion for the District Court to deny the motions.

While his discussion of the removal issue was more coherent in his filing that was framed as a motion for summary judgment, see ECF #44, the District Court did not err or abuse its discretion in dismissing those motions as Shultz had already appealed the matter. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (explaining that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). And, while the District Court might have construed the motion as arising under Rule 60(b) and denied it, see United States v. Contents of Accts. Numbers 3034504504 & 144-07143 at Merrill Lynch, Pierce, Fenner & Smith, Inc., 971 F.2d 974, 988 (3d Cir. 1992), Shultz failed to show he was entitled to relief in a serial Rule 60(b) motion.

For the above reasons, we will affirm the District Court's judgment.